NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | | |
|---|---|---|
| JOHN LEE GORE, | : | **CIV. NO. 17-10865 (RMB)** |
| Plaintiff, | : | |
| v. | : | **OPINION** |
| FEDERAL BUREAU OF PRISONS and WARDEN F.C.I. FORT DIX, | : | |
| Defendants. | : | |

**BUMB**, DISTRICT JUDGE

Plaintiff John Lee Gore, a former prisoner at the Federal Correctional Institution in Fort Dix, New Jersey, brings this civil rights complaint alleging he injured his spine and caught a respiratory infection while working as an inmate in 2011 and 2012. (Compl., ECF No. 1.) Plaintiff has filed an application to proceed *in forma pauperis* ("IFP"), which establishes that he cannot afford to pay the filing fee for this action. (IFP App., ECF No. 1-1.) Therefore, his IFP application is granted pursuant to 28 U.S.C. § 1915(a)(1).

When a non-prisoner plaintiff is permitted to proceed without payment of the filing fee, 28 U.S.C. §§ 1915(e)(2)(B) requires courts to review a complaint in a civil action and *sua sponte* dismiss any claims that are (1) frivolous or malicious; (2) fail to state a claim on which relief may be granted; or (3) seek

monetary relief against a defendant who is immune from such relief. See e.g. Fake v. City of Philadelphia, 704 F. App'x 214, 215-16 (3d Cir. 2017) (per curiam). For the reasons discussed below, Plaintiff's complaint is dismissed without prejudice pursuant to § 1915(e)(2)(B)(ii).

I. *Sua Sponte* Dismissal

Courts must liberally construe pleadings that are filed *pro se*. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)). Thus, "a *pro se* complaint, however inartfully pleaded, must be held to 'less stringent standards than formal pleadings drafted by lawyers.'" Id. (internal quotation marks omitted). "Court personnel reviewing *pro se* pleadings are charged with the responsibility of deciphering why the submission was filed, what the litigant is seeking, and what claims she may be making." See Higgs v. Atty. Gen. of the U.S., 655 F.3d 333, 339-40 (3d Cir. 2011) (quoting Jonathan D. Rosenbloom, Exploring Methods to Improve Management and Fairness in Pro Se Cases: A Study of the Pro Se Docket in the Southern District of New York, 30 Fordham Urb. L.J. 305, 308 (2002)).

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a

claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (quoting Twombly, 550 U.S. at 556.) "[A] court must accept as true all of the allegations contained in a complaint[.]" Id. Legal conclusions, together with threadbare recitals of the elements of a cause of action, do not suffice to state a claim. Id. Thus, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Id. at 679. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Id. If a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice, but must permit the amendment. Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d Cir. 2002).

II. DISCUSSSION

    A. The Complaint

Plaintiff alleged the following facts in his complaint, which are accepted as true for purposes of this screening. While Plaintiff was working as an inmate at the Fort Dix military museum

3

in 2011 and 2012, he injured his spine and acquired a respiratory infection. (Compl., ECF No. 1 at 3.) He was treated at the Fort Dix medical facility, and several other prisons after he was transferred. (Id. at 4.) For relief, Plaintiff states, "(1) need to be looked after and to have all medical bills paid" and "(2) monetary compensation." (Id.)

B. Failure to State a Claim

The complaint fails to state a claim upon which relief may be granted for multiple reasons. First, it is unclear how Plaintiff believes the Federal Bureau of Prisons, the only named defendant, violated Plaintiff's constitutional rights or federal law. Liberally construing the complaint, Plaintiff may be asserting a claim under the Inmate Accident and Compensation Act ("IACA"), 18 U.S.C. § 4126.

The IACA created the Prison Industries Fund to compensate ""inmates or their dependents for injuries suffered in any industry or in any work activity in connection with the maintenance or operation of the institution in which the inmates are confined." 18 U.S.C. § 4126(c)(4). The implementing regulations appear in 28 C.F.R. § 301.101 *et seq.* To seek compensation for a residual physical impairment resulting from a work-related injury, a plaintiff must begin by filing an administrative claim on FPI Form 43, Inmate Claim for Compensation on Account of Work Injury. 28

C.F.R. § 301.303(a). Such a claim must be filed "[n]o more than 45 days prior to the date of an inmate's release, but no less than 15 days prior to this date …") 28 C.F.R. § 301.303(a). For good cause shown, a claim may be accepted as much as one year after release, and the claim must be submitted to the Claims Examiner, Federal Bureau of Prisons. Id., § 301.303(f).

If an administrative IACA claim is denied, judicial review is limited to whether the plaintiff was denied procedural due process in connection with his IACA application or if the decision denying compensation was arbitrary or capricious. See Peguero v. Unicor Industries, Civ. Action. No. 14-2371(RMB), 2014 WL 1716448, at *2 (D.N.J. Apr. 30, 2014) (citing Thompson v. Federal Prison Industries, 492 F.2d 1082 (5th Cir. 1974); Davis v. United States, 415 F.Supp. 1086 (D. Kan. 1976); Owens v. Department of Justice, 527 F.Supp. 373 (N.D. Ind.), aff'd, 673 F.2d 1334 (7th Cir. 1981)).

It is possible that Plaintiff wishes to assert an FTCA claim alleging a BOP employee's negligence caused his work injury and his respiratory infection. An FTCA claim, however, may not be made against a federal agency like the BOP, it may only be brought against the United States.

Furthermore, there are administrative procedural requirements that must be met before a plaintiff may bring an FTCA claim in a district court. White-Squire v. U.S. Postal Service, 592 F.3d 453,

5

456-57 (3d Cir. 2010). Specifically, 28 U.S.C. § 2675(a) "mandates that an FTCA action 'shall not be instituted upon a claim against the United States for money damages … unless the claimant shall have first presented the claim to the appropriate Federal agency.'" Id. (quoting 28 U.S.C. § 2675(a)). A plaintiff may bring a claim in a district court only after his claim is finally denied by the agency in writing. 28 U.S.C. § 2675(a). Failure of the agency to make a final disposition within six months after the claim is denied shall, at the option of the plaintiff, be deemed a final disposition. Id. An FTCA claim must be brought in the agency within two years after the claim accrues, and in a district court within six months after notice in writing of the final decision on the claim by the agency. McNeil v. U.S., 508 U.S. 106, 108 n. 4 (1993) (quoting 28 U.S.C. § 2401(b)).

Plaintiff may also be trying to assert a Bivens claim for violation of the Eighth Amendment based on inadequate medical care while he was imprisoned at FCI Fort Dix. A Bivens claim cannot be brought against a federal agency, like the BOP. 481 F. App'x 738, 740 (3d Cir. 2012) (per curiam) (citing Corr. Servs. Corp. v. Malesko, 534 U.S. 61, 71 (2001)). Plaintiff has also named the warden of FCI Fort Dix as a defendant, but he has not alleged how the warden was deliberately indifferent to his serious medical need, as required to state an Eighth Amendment claim. See Estelle

v. Gamble, 429 U.S. 97, 104 (1976)); Spruill v. Gillis, 372 F.3d 218, 236 (3d Cir. 2004) ("absent a reason to believe (or actual knowledge) that prison doctors or their assistants are mistreating (or not treating) a prisoner, a non-medical prison official … will not be chargeable with the Eighth Amendment scienter requirement of deliberate indifference.")

Finally, there is a two-year statute of limitations for Bivens claims where the personal injury occurred in New Jersey, and the limitations period accrues when the plaintiff knows or has reason to know of his injury. Hughes v. Knieblher, 341 F. App'x 749, 752 (3d Cir. 2009) (citations omitted). Plaintiff alleged he was injured sometime in 2011 and 2012, but he does not allege when, if ever, a federal actor was deliberately indifferent to his serious medical need.

C. Pending Motions

On December 1, 2017, Plaintiff filed two motions in this action. First, he filed a motion for discovery, seeking his complete medical file from the Federal Bureau of Prisons. (ECF No. 2.) Second, Plaintiff filed a motion to supplement the complaint by adding the United States Department of Defense as a defendant. (ECF No. 3.) Because the complaint is dismissed for failure to state a claim upon which relief may be granted, which is not cured

by adding the United States Department of Defense as a defendant, the pending motions are dismissed as moot.

III. CONCLUSION

For the reasons stated above, the Court grants Plaintiff's IFP application and dismisses the complaint without prejudice for failure to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915(e)(2)(B).

An appropriate order follows.

DATE:  February 21, 2018

s/Renée Marie Bumb<br>
**RENÉE MARIE BUMB**<br>
**United States District Judge**